**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY WHEELER,<br><br>Plaintiff,<br><br>v.<br><br>FINANCIAL CREDIT NETWORK,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ*.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES, KELLY WHEELER, through counsel, WAJDA LAW GROUP, APC, complaining of FINANCIAL CREDIT NETWORK, as follows:

## NATURE OF THE ACTION

1. This action arises under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

1

**PARTIES**

5. KELLY D. WHEELER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Los Angeles, California.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

8. FINANCIAL CREDIT NETWORK ("FCN") is a corporation organized under the laws of California.

9. FCN has its principal place of business at 1300 West Main Street, Visalia, California 93291.

10. FCN is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of FCN's business is the collection of debt.

11. FCN is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. FCN is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**FACTUAL ALLEGATIONS**

13. Plaintiff resided at 700 Micheltorena Street, Los Angeles, California 90026.

14. Plaintiff had a Southern California Gas ("SoCalGas") account in her name when she lived at that location.

15. Plaintiff subsequently moved.

16. Prior to moving, however, Plaintiff had accumulated a $202.29 SoCalGas debt.

17. Due to its inability to collect the entire amount owed, SoCalGas referred Plaintiff's outstanding account to FCN for collection.

18. Plaintiff's $202.29 account balance is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an unpaid obligation to pay money arising out of a transaction in which the money which is the subject of the transaction is primarily for personal, family, or household purposes.

19. Plaintiff's $202.29 account balance is a "debt" as defined by Cal. Civ. Code. § 1788.2(d) as it relates to money which is due or owing or alleged to be due or owing from a natural person to another person.

20. Plaintiff's $202.29 account balance is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f) as it relates to money due or owing from a natural person by reason of a consumer credit transaction.

21. On October 3, 2019, FCN sent Plaintiff an initial written communication (the "Letter").

22. The letter is a "communication" as defined by 15 U.S.C. § 1692(a)(2) as it conveys information regarding Plaintiff's outstanding account directly to Plaintiff.

23. The letter stated, in part:

```
Date: 10/03/19                              Principal:              $202.29
FCN Account #: 10853425         Interest/Late Payment Charge:         $0.00
Client Account #: 0515018805                Total Due:             $202.29
Credtor: SOUTHERN CALIFORNIA GAS
Service/Property Address: 700 Micheltorena St
```

24. The phrase "Interest/Late Payment Charge" along with an amount of "$0.00" listed implied to Plaintiff that Plaintiff could incur additional charges.

25. FCN *did not* however intend to assess interest.

26. FCN *did not* however intend to assess late payment charges.

27. *Nor was FCN permitted* to assess interest or late payment charges.

28. FCN's letter caused enough confusion/uncertainty to lead Plaintiff to question whether Plaintiff would incur additional charges if he did not pay the debt.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692e**

30. Section 1692e provides prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The subsections of section 1692e, without limiting its general application, list specific conduct which violates the section. *Id*.

31. "A dunning letter is false and misleading if it impl[ies] that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Boucher v. Fin. Sys. of Green Bay, Inc*., 880 F.3d 362, 367 (7th Cir. 2018) (holding that a letter falsely implying that late and other charges could be charged to a debtor violated § 1692e).

32. "A misrepresentation is material if it 'undermined [the plaintiff's] ability to intelligently choose her action regarding the debt.'" *Caulfield v. Am. Account & Advisors*, 2013 U.S. Dist. LEXIS 66935, 2013 WL 1953314, at *2 (D. Minn. 2016).

33. FCN's letter violated 15 U.S.C. § 1692e because it falsely implied that additional charges could be added by including column headers that included – "Interest/Late Payment Charge."

34. Plaintiff believed that he would incur other charges if he did not pay the debt.

35. FCN had no basis for assessing interest/late payment charges, and never intended to actually assess interest/late payment charges – rather, FCN included this in an attempt to induce Plaintiff to pay his balance to avoid added debt.

36. Plaintiff may enforce the provisions of 15 U.S.C. § 1692e pursuant to section k of

the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that FCN violated 15 U.S.C. § 1692e;

B. an award of any actual damages sustained by Plaintiff as a result of FCN's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

**COUNT II:**
**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.)**

37. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Cal. Civ. Code § 1788.17**

38. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

39. As alleged, FCN violated 15 U.S.C. § 1692e; therefore violating Cal. Civ. Code § 1788.17.

40. Plaintiff may enforce the provisions of Cal. Civ. Code §1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation.

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that FCN violated Cal. Civ. Code § 1788.17;

B. an award of any actual damages sustained by Plaintiff as a result of FCN's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 16, 2019                             Respectfully submitted,

**KELLY WHEELER**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com